# EXHIBIT A

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

MG DEARBORN, LLC, a Michigan
limited liability company,

                                                    Case No. 2014-          -CKbc
     Plaintiff,                              Hon.

                                                    **2014-141763-CK**
-vs-                                                **JUDGE POTTS**

WEST BEND MUTUAL INSURANCE,

     Defendant.

---

FAKIH & ASSOCIATES, PLLC
Sam M. Fakih (P68876)
Michael Z. Longo (P74896)
*Attorneys for Plaintiff*
16030 Michigan Ave., Ste. 200
Dearborn, Michigan 48126
(313) 846-6300
sfakih@fakihlaw.com
mlongo@fakihlaw.com

---

*There is no other pending or resolved civil action
arising out of the transaction or occurrence alleged in this Complaint*

## COMPLAINT

NOW COMES Plaintiff/Counter-Defendant, MG FARMINGTON HILLS, LLC (the "Plaintiff"), who by and through its attorneys, FAKIH & ASSOCIATES, PLLC, states as follows for its Amended Complaint against Defendant WEST BEND MUTUAL INSURANCE COMPANY (the "Defendant"):

## PARTIES

1. That the Plaintiff is a Michigan limited liability company that conducts business in Oakland County, Michigan by providing day spa facilities and services to the members of the general public.

Received for Filing Oakland County Clerk 2014 JUL 10 PM 02:19

Received for Filing Oakland County Clerk 2014 JUL 10 PM 02:19

2.   That on information and belief, Defendant is a company headquartered in Wisconsin, which carries on continuous and systematic business within the state of Michigan as an insurance provider.

## JURISDICTION AND VENUE

3.   That Plaintiff hereby incorporates by reference each preceding Paragraph as if fully restated herein.

4.   That this Court has subject matter jurisdiction over this action pursuant to MCL §600.8301, *et seq.* as the actual amount in controversy exceeds $25,000.00.

5.   That this Court has personal jurisdiction over Defendant and pursuant to MCL § 600.701, *et seq.* as Defendant regularly conducts business throughout the State of Michigan in a continuous and systematic manner.

6.   That venue in this Court is proper pursuant to MCL § 600.1621  as the events giving rise to this action, the property at the center of the dispute, and the location of the premises at the heart of this action each took place or are located within in the borders of Oakland County, Michigan.

## GENERAL ALLEGATIONS

7.   Plaintiff is a national spa franchise that provides clients throughout the country a welcoming and tranquil environment by offering a relaxing and rejuvenating massage and day spa experiences.

8.   That on or about June 21, 2013, Plaintiff procured an umbrella policy for a number of individual franchises operating under the name of *Massage Green Spa*.  [**Exhibit 1 – *Policy***]

9.   That relevant to this present action, Plaintiff named MG Farmington Hills, LLC as a covered franchise for its umbrella policy.  [**Exhibit 2 – *Declarations***]

10. That the Policy was amended from time to time and the relevant Policy and amendments thereto were issued on or about April 21, 2013 with a term extending during and through November 2013.

Received for Filing Oakland County Clerk 2014 JUL 10 PM 02:19

11. That MG Farmington Hills, LLC at the time of the execution of the policy operated at the property commonly known as 29675 Orchard Lake Road, Farmington Hills, Oakland County, Michigan (the "Premises").

12. Pursuant to the Declarations the following coverage was provided:  Building, Business Personal Property, Business Income Other than Rental Value and Including Extra Expense, and Equipment Breakdown.

13. That pursuant to the Declarations, "Special" was shown in the Declarations.

14. That pursuant to the Policy, "[w]hen Special is shown in the Declarations, Covered Causes of Loss means Risks of Direct Physical Loss.

  **[Exhibit 1 – *Policy*, Form CP 10 30 04 02, ¶A]**

15. The Policy provides that Defendant would pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.  **[Exhibit  1 – *Policy*, Form CP 00 10 04 02, ¶A]**

16. Covered Property included business personal property located in or on the building described in the Declarations or in the open (or in a vehicle) within 100 feet of the described premises, consisting of, in relevant part, all personal property owned by Plaintiff.  **[EXHIBIT 1 – *Policy*, Form CP 00 10 04 02, ¶A(1)(b)(4))]**

17. The Policy further provides that Defendant would pay for the actual loss of business income sustained due to the necessary suspension of operations during any period of restoration. **[EXHIBIT 1 – *Policy*, Form CP 00 30 04 02, ¶A(1)]**

18. In early November 2013, Plaintiff was forced to shut down its business operations as water started gushing down in to the Premises from the roof and the ceiling.

Received for Filing Oakland County Clerk 2014 JUL 10 PM 02:19

19. Upon investigation, Plaintiff discovered that there was exterior and/or structural damage causing and permitting water to enter the Premises from the roof and roof drains, causing the damage to Premises and Plaintiff's business assets.

20. As a direct result of these structural issues, Plaintiff suffered water losses and/or damages to its personal property and equipment and was soon thereafter forced to shut down its business as the Premises was not usable for its intended purpose of a day spa.

21. On information and belief, the losses and damages sustained by the Premises and Plaintiff were the direct and foreseeable result of risks covered by the Policy.

22. Plaintiff made a claim to Defendant on or about November 1, 2013.

23. Defendant denied Plaintiff's claim in full on or about November 26, 2013. **[EXHIBIT 3 – Denial Letter]**

24. The Denial Letter did not state that claims were not generally covered, but instead listed a number of exclusions and limitations in support of the denial. *See* **[EXHIBIT 3 – Denial Letter]**

25. In support of its denial, Defendant, through Claims Representative Cathy Lanier, stated that the Policy simply "does not cover interior water damage unless there is damage to the building by a covered loss that creates an opening for the water to enter. Mold is not covered unless it is a result of a 'specified cause of loss', which did not occur." **[EXHIBIT 3 – Denial Letter]**

26. As of the date of this Complaint, Defendant has refused to repair and/or restore the Premises to a degree permitting MG Farmington Hills, LLC to re-open its business.

27. As of the date of this Complaint, Defendant has refused to return MG Farmington Hills, LLC to its prior state.

Received for Filing Oakland County Clerk 2014 JUL 10 PM 02:19

## COUNT I
## BREACH OF CONTRACT

28. That Plaintiff hereby restates and incorporates by reference each preceding Paragraph as if fully restated herein.

29. That Plaintiff and Defendant entered into and/or renewed the Policy on or about April 21, 2013 with a term extending through November, 2013.

30. That pursuant to the Policy, Defendant agreed to pay for those losses and damages sustained by Plaintiff and/or MG Farmington Hills, LLC as described above.

31. That these terms of coverage were material as Plaintiff would not have entered into the Policy had such representations not been made.

32. That pursuant to the Policy, Defendant further agreed to repair those damages and losses sustained by the Premises.

33. That pursuant to the terms of the Policy, Defendant agreed to recompense Plaintiff for those losses sustained as a result of lost business income during the term of restoration.

34. That Plaintiff has completely abided by the terms of the Policy and has cooperated with Defendant during the investigatory period.

35. That Defendant has refused to honor the terms of the Policy by refusing to repair Premises and by failing to compensate Plaintiff for the losses sustained as a result of the above-referenced damages and losses.

36. That such refusal is a material breach of the Policy and Plaintiff has suffered damages as a direct result of this breach.

## COUNT II
## UNJUST ENRICHMENT

37. That Plaintiff hereby restates and incorporates by reference each preceding Paragraph as if fully restated herein.

Received for Filing Oakland County Clerk 2014 JUL 10 PM 02:19

38. That Plaintiff agreed to purchase the Policy on the basis that coverage as described therein would be provided upon its necessity.

39. That pursuant to the purchase of the Policy, the Plaintiff has made monthly substantial premium payments to Defendant for such coverage.

40. That Defendant's decision to deny coverage while retaining the benefit of those premiums paid by Plaintiff results in an unjust enrichment to the benefit of Defendant and substantial detriment of the Plaintiff.

41. That permitting the Defendant to retain the value of the premiums paid would result in a windfall to Defendant and a patently unfair and unjust outcome.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, MG DEARBORN, LLC, respectfully requests this Honorable Court to grant a judgment in its favor and against Defendant, WEST BEND MUTUAL INSURANCE, in an amount to be proven at trial, but no less than $25,000.00, in addition to any further legal or equitable relief that this Court deems just and appropriate.

Respectfully Submitted,

FAKIH & ASSOCIATES, PLLC

7/10/14

Sam M. Fakih (P68876)
Michael Z. Longo (P74896)
*Attorneys for Plaintiff*
16030 Michigan Ave., Ste. 200
Dearborn, Michigan 48126
(313) 846-6300